# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE INDA DE ARIAS, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 16-06226 AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

## I.
## BACKGROUND

Plaintiff Maria Guadalupe Inda De Arias filed her application for disability benefits under Title II of the Social Security Act on October 16, 2012, alleging disability beginning May 1, 2012. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on December 22, 2014, at which Plaintiff testified on her own behalf. A vocational expert ("VE") also testified. (Administrative Record ("AR") 111-118.) In a decision dated February 19, 2015, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from May 1, 2012, through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable

decision in a notice dated June 28, 2016.  Plaintiff filed a Complaint herein on August 18, 2016, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's Order Re Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on April 14, 2017 ("Pl. Mem.") and the Commissioner filed a memorandum in support of her answer on April 20, 2017 ("Def. Mem.").  Plaintiff did not file a reply.  This matter now is ready for decision.[1]

## II.
## DISPUTED ISSUE

As reflected in the parties' memoranda, the sole disputed issue in this case is whether the ALJ erred in his adverse credibility finding regarding Plaintiff's testimony.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's

---

[1] The decision in this case is being made based on the pleadings, the administrative record, and the parties' memoranda in support of their pleadings.

conclusion.  *Lingenfelter*, 504 F.3d at 1035.  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV.

## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.  *Id*.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  *Id*.  If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded.  *Id*.  If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied.  *Id*.  The claimant has the burden of proving that he is unable to perform past relevant work.  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  If the claimant meets this burden, a *prima facie* case of disability is established.  *Id*.  The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the

national economy. *Id.* The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2012, the alleged onset date. (AR 13.) At step two, the ALJ found that Plaintiff had the following severe impairments: arthritis; degenerative disc disease; fibromyalgia; obesity; history of hyperthyroidism; and bilateral plantar fasciitis. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16.) At step four, the ALJ found that Plaintiff had the following residual functional capacity (RFC) to perform sedentary work except: occasionally climb stairs, climb ladders/ropes/scaffolds, kneel, crouch, crawl, stoop; frequently but not constantly balance; no uneven ground. (*Id.*) The ALJ determined that Plaintiff is capable of performing her past relevant work as a customer service representative. (AR 17.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act since May 1, 2012 through the date of the decision. (AR 17-18.)

## VI.

## DISCUSSION

Plaintiff alleges disability based on fibromyalgia, and pain in her back, hip, shoulder and extremity. (AR 47-56.) Plaintiff contends that the ALJ erred in his adverse credibility finding. Her testimony during the administrative hearing can be found at AR 33-120.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Where the claimant has produced objective medical evidence of an impairment that could

reasonably be expected to produce some degree of pain and/or other symptoms and where the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

The ALJ found that the Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms were not entirely credible and provided three reasons in support of that finding. (AR 16.)

First, the ALJ found that Plaintiff did not consistently follow through with instructions to attend pain management treatment, increase physical activity, continue physical therapy, and see a psychiatrist. (AR 17.) The ALJ stated that Plaintiff's failure to seek medical treatment suggested that her pain was not so severe as to prevent all work. (*Id.*) The record shows that the Plaintiff quit pain management treatment (AR 69), did not consistently follow instructions to increase physical exercise (AR 360, 445, 491, 507, 685, 723), was discharged from physical therapy because of failure to attend (AR 838), and chose to do self-therapy (AR 76). Although Plaintiff suggests that her failure to seek treatment was due to financial limitations, the medical record indicates that this was only in relation to acupuncture and aqua therapy. (AR 652, 704, 709, 769.) There was no evidence in the record that financial limitations prevented her from following through on other areas of treatment. If the evidence of Plaintiff's failure to seek medical treatment could be subject to more than one interpretation, the ALJ's interpretation must be upheld if that interpretation is rational, as it is here. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Thus, the ALJ's finding that Plaintiff failed to seek treatment was supported by substantial evidence, and provides a valid basis for discounting Plaintiff's subjective symptom testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may consider failure to follow a

prescribed course of treatment in weighing a claimant's credibility); *Smolen*, 80 F.3d at 1284; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

As a second reason, the ALJ stated that the Plaintiff's daily activities are not limited to the extent a person would expect given her complaints of disabling symptoms and limitations. (AR 17.) On one hand, Plaintiff testified that on a scale of one to ten, ten being the worst, she experienced a constant pain of eight for her back, a periodic pain of nine for her fibromyalgia, and a pain of eight or nine when walking. (AR 46, 48, 50.) Plaintiff also testified that due to the severity of her pain, her physical activity was extremely limited. For example: she can go on walks but no more than a block at a time (AR 67); can sit, stand or walk for no more than five to fifteen minutes (AR 71); has trouble holding a plate or a cup of coffee; cannot dress herself (AR 95); and takes hours to make her bed (AR 99). On the other hand, evidence in the record concerning daily activities also reflects that Plaintiff is more physically able and her pain is not as severe as she suggests. Plaintiff is able to drive (AR 95), cook (AR 96), grocery shop (AR 99), take the garbage out (AR 100), and was able to travel to Mexico (AR 1002). Thus, substantial evidence supports the ALJ's finding that certain of Plaintiff's daily activities were inconsistent with her subjective symptom testimony. This is a clear and convincing reason for discrediting Plaintiff's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ may discredit claimant's testimony when "claimant engages in daily activities inconsistent with the alleged symptoms"); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (ALJ properly discounted claimant's testimony because "she leads an active lifestyle, including cleaning, cooking, walking her dogs, and driving to appointments").

As a final reason, the ALJ found that Plaintiff's subjective testimony was not substantiated by objective medical evidence in the record. (AR 13-15.) Although this may not be the *sole* reason to support an adverse credibility finding, "it is a

factor that the ALJ can consider in his credibility analysis." *Burch*, *supra,* 400 F.3d at 681; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *see also Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints). In the present case, the ALJ's assessment of the objective medical evidence was supported by substantial evidence and was not in error as part of the adverse credibility determination. Accordingly, the Court concludes that the ALJ did not err in his adverse credibility determination.

*******************

IT THEREFORE IS ORDERED that Judgment be entered be entered affirming the decision of the Commissioner of Social Security Administration.

DATED: June 28, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE